UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 13-129 (DWF/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Frantz Pierre (1) | |
| Defendant. | |

Karen Schommer, Assistant United States Attorney, for Plaintiff.
Robert Owens Jr., for Defendant Pierre.

**THIS MATTER** came before the undersigned United States Magistrate Judge on October 9, 2013 on Defendant Frantz Pierre's[1] pre-trial motions to (1) suppress wire interceptions (ECF No. 84), (2) sever counts one and two (ECF No. 87), (3) suppress statements, admissions and answers (ECF No. 90), (4) suppress evidence obtained as a result of search and seizure (ECF No. 92), (5) suppress financial records (ECF No. 94)[2] and (6) suppress evidence of other crimes (ECF No. 96).[3]

---

[1] Defendants Tervil and Torh's dispositive pre-trial motions will be addressed in a separate Report and Recommendation. *See* ECF Nos. 105, 107, 109, 110 and 111.

[2] Pierre and two of his co-defendants, Torh and Tervil, have moved to suppress financial records. ECF Nos. 94, 105 and 107. Those motions will be addressed together in a separate report and recommendation.

[3] At the hearing, the parties agreed that the motions to suppress wire interceptions (ECF No. 84) and statements (ECF No. 90) were moot because no interceptions were used and no statements were taken from Pierre. The Court thus recommends those motions be denied as moot.

1

Special Agent Kenneth Fry testified at the hearing. His testimony is relevant only to Defendant Tervil's motions to suppress evidence. As such, it will not be summarized here. At the close of the hearing, the parties were instructed to file supplemental memoranda by October 17, 2013. Pierre filed a motion for a *Franks* hearing (ECF No. 121), and at the end of October, he filed a second motion to dismiss on the basis that this lawsuit violates his Fifth Amendment right against double jeopardy.[4] ECF No. 131. These motions were referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons that follow, the Court recommends that all of Pierre's motions addressed below be **DENIED**.

## I. BACKGROUND

### A. Minnesota Indictment against Pierre.

On May 21, 2013, the United States of America filed a two-count indictment against Pierre and three co-conspirators, Ronnie Bussell, Christopher Torh and Junior Tervil. ECF No. 1. Count one alleges conspiracy to defraud the government, in violation of 28 U.S.C. § 286. Count two alleges monetary transactions in criminally derived property, in violation of 18 U.S.C. § 1957. *Id.* The indictment suggests that the conspiracy to commit these crimes started on or about July 2010 and extended through May 2011. *Id.* The Minnesota defendants are accused of setting up fictitious businesses and bank accounts, filing false tax returns with stolen identities and directly depositing fraudulently obtained refunds into their bank accounts. *Id.* Pierre and his co-defendants then transferred funds to other accounts in Florida or otherwise withdrew the money. *Id.* Through the Minnesota scheme, more than 1,000 false tax returns were filed with the IRS between 2009 and

---

[4] On October 10, this Court recommended denying Pierre's first motion to dismiss on double jeopardy grounds because it was premature. ECF No. 120, adopted by ECF No. 137.

2010. *Id.* These false returns were worth nearly $7 million; the IRS paid out more than $1.2 million. *Id.*

    **B.**  **Florida Indictment against Pierre.**

On September 21, 2012, the United States of America filed a 13 count indictment in the Southern District of Florida against Pierre and his Florida co-defendants, Terry Pierre and Christmanie Bissaine. ECF No. 135-1. The indictment alleged a multi-million dollar identity theft tax refund fraud scheme that took place between January 25, 2010 and June 2010. *Id.* As in Minnesota, the defendants were alleged to have submitted false tax returns in order to fraudulently obtain tax refunds. However, in Florida, Pierre and his co-conspirators used a clothing store and a fake Tax business to facilitate their scheme. *Id.* They placed the fraudulently obtained refunds on debit cards for their personal use. *Id.* On October 25, 2013, Pierre and his co-conspirators were convicted on 12 of the 13 counts. *Id.* Like the Minnesota indictment, Count one alleged conspiracy to defraud the government, in violation of 28 U.S.C. § 286. *Id.* The remaining 12 counts were distinct from the second count brought in Minnesota. *Id.*

## II. ANALYSIS

    **A.**  **The charges brought against Pierre in Minnesota do not violate his Fifth Amendment right against double jeopardy.[5]**

Pierre alleges that the Minnesota indictment violates his Fifth Amendment right against double jeopardy because the charges are based on an "identical" scheme to defraud the Government. The Government argues that under the totality of the circumstances test, the two indictments seek to punish two distinct conspiracies. The Court agrees with the Government.

---

[5] Because a finding in favor of Pierre on double jeopardy grounds would moot his other dispositive motions, the Court will address the motion to dismiss first.

The Fifth Amendment protects citizens from successive prosecutions and multiple punishments for the same crime. U.S. Const. Amend. V ("Nor shall any person be subject for the same offense to be twice put in jeopardy of life and limb . . . ."). It is well settled that the Fifth Amendment also prohibits the subdivision of a single criminal conspiracy into multiple violations. *Braverman v. United States*, 317 U.S. 49, 52-53 (1942). However, in order to support a claim of double jeopardy, a defendant "must show that the two offenses charged are in law and fact the same offense." *United States v. Okolie*, 3 F.3d 287, 289 (8th Cir. 1993). Once a defendant sets forth a non-frivolous claim of double jeopardy, the burden shifts to the Government and it must prove—by a preponderance of the evidence—that the crimes prosecuted are in fact distinct. *Id.* at 289.

The Eighth Circuit applies the totality of the circumstances test to determine whether two related conspiracies are the same in law and fact. *United States v. Thomas*, 759 F.2d 659, 662 (8th Cir. 1985) (holding that when compared to the "same evidence" test, the totality of the circumstances analysis is more accurate in determining whether multiple conspiracies exist). Five factors are normally considered: (1) time; (2) persons acting as co-conspirators; (3) the statutory offenses charged in the indictments; (4) the overt acts charged by the government or any other description of the offenses that indicated the nature and scope of alleged activity; and (5) geographic location where the alleged illegal activity took place. These criteria are mere guidelines. "The essence of the determination is whether there is one agreement to commit two crimes, or more than one agreement, each with a separate object." *Id.*

Pierre's double jeopardy claim is non-frivolous, but the Government has established that this lawsuit does not violate Pierre's Fifth Amendment rights. First, the timing of the Florida and Minnesota conspiracies, as alleged in the indictments, are distinct. The time frame of the Florida conspiracy was on or about January 25, 2010 through June 2010. The alleged Minnesota conspiracy

began on or about July 2010 and continued through May 2011. Pierre argues that the timing of the two conspiracies overlap because the Florida conspiracy actually took place from January 25, 2010 through July 2012. If true, the entirety of the alleged Minnesota conspiracy would have occurred within the time frame of the Florida conspiracy. In support of this contention, Pierre argues that "the Government acknowledges that [he] returned to Florida to continue to scheme during and after the Minnesota alleged scheme." ECF No. 132 at 3. Beyond this assertion, however, Pierre does not cite to any other evidence to support his claim that the conspiracies in fact overlapped. Rather, he suggests that his argument in regard to the timing of the conspiracies could be further developed at a hearing on his double jeopardy motion. *Id.*

Adhering to the time frames indicated on both indictments, the Government maintains that the conspiracies were distinct. ECF No. 135 at 6. It appears that there may be a genuine dispute about the actual timing of the Florida and Minnesota conspiracies. However, for the reasons set forth below, the Court concludes that even if the schemes overlapped temporally, they remain separate conspiracies. The schemes were not executed in the exact same way and each was committed by a distinct group of people in different states. To this end, Pierre acknowledges that the Minnesota indictment involves different co-defendants. ECF No. 132 at 1. The government points out that the only overlap in the co-conspirators is Pierre himself. ECF No. 135 at 6.[6] This important factual distinction weighs in the Government's favor. Further, as detailed in the background section above, the two-count Minnesota indictment overlaps with the Florida indictment on one count only—conspiracy to defraud the government, in violation of 28 U.S.C. § 286. ECF No. 1 and ECF

---

[6] The Florida Indictment charges Frantz Pierre, Terry Pierre and Christmanie Bissainthe. The Minnesota Indictment charges Frantz Pierre, Ronnie Bussell, Christopher Torh and Junior Tervil.

No. 135-1. Despite some variance in the charges, Pierre argues that the underlying scheme alleged in both indictments is "virtually identical." The Government contends that despite the shared goal of both conspiracies (i.e., defrauding the IRS), the means used to accomplish the two frauds were distinct. The Court agrees with the Government. "It is possible to have two different conspiracies to commit exactly the same type of crime." *Thomas*, 759 F.2d at 666.

The nature and scope of the two conspiracies support the conclusion that the conspiracies were distinct. In Florida, Pierre and his co-conspirators defrauded the IRS by submitting false tax returns and having the refunds deposited onto debit cards. ECF No. 125 at 7. In Minnesota, Pierre and his co-conspirators allegedly set up fake businesses and had the IRS refund money directly deposited into bank accounts that were set up to facilitate the scheme. They then withdrew or transferred the money. *Id.* These factual differences weigh in favor of the Government.

Location of the alleged crimes is the last factor considered under the totality of the circumstances analysis. Pierre argues that even though the fraudulent businesses and bank accounts were established in Minnesota, all of the fraudulent tax returns were filed from computers in Florida. The Government acknowledges this fact, but argues that Florida was not significantly involved in the conspiracy charges alleged in the Minnesota indictment. ECF No. 135 at 8. Because the Minnesota fraud scheme could not succeed absent the establishment of fake businesses and bank accounts in Minnesota, the Court concludes that the location of the two conspiracies are distinct for the purposes of the double jeopardy analysis.

In sum, the totality of the circumstances analysis supports the conclusion that the charges faced by Pierre in Minnesota do not violate his Fifth Amendment rights. Pierre's motion to dismiss should be denied.

**B.     Pierre suffers no prejudice from the joinder of Count one and two.**

Pierre moves to sever counts one and two of the indictment on the basis that joinder of the counts will cause him prejudice at trial. ECF No. 87. Specifically, Pierre argues that he will be prejudiced because the money laundering charge (count 2) requires the Government to first prove that the funds were derived from criminal behavior. ECF No. 87. Thus, Pierre contends that the jury must assume he is guilty on count one, before actually making that determination, in order to consider count two. *Id.* He further argues that (1) his Fifth Amendment right against self-incrimination will be jeopardized, (2) evidence that might otherwise be inadmissible may be entered and (3) the jury will have difficulty distinguishing evidence presented on each count and may thus consider it cumulatively. *Id.*

The Government argues that joinder of count one and two is appropriate in this case because Rule 8 allows for joinder when the offenses are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). The Court agrees. Prejudice does not result from joining counts one and two because evidence for each charge is relevant and necessary to prove the other charge (i.e. evidence of Pierre's participation in the conspiracy is admissible to prove the money laundering charge and evidence in support of the money laundering charge is admissible as an overt act to prove the conspiracy charge). Thus, severance of the charges pursuant to Rule 14 is not warranted. *United States v. Dennis*, 625 F.2d 782, 802 (8th Cir. 1980) ("Where evidence that a defendant had committed one crime would be probative and thus admissible at the defendant's separate trial for another crime, the defendant does not suffer any additional prejudice if the two crimes are tried together."); *See also United States v. Rodgers*, 732 F.2d 625, 630 (8th Cir. 1984).

**C.    Seizure of evidence from Pierre's Florida home was legal.**

Pierre moves to suppress evidence seized from his home at 9619 Clemmons Street in

7

Parkland, Florida on the basis that the search warrant was not supported by probable cause. ECF Nos. 92 and 116 at 12. The Government argues that probable cause supported issuance of the warrant. ECF 116 at 11. The Court agrees with the Government.

Residential search warrants are valid when probable cause supports a neutral and detached judicial officer's conclusion that evidence of a crime may be found at the location identified in the search warrant application. *Warden v. Hayden*, 387 U.S. 294 (1967). Probable cause means that "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The Court has reviewed the search warrant application and concludes that ample information provided by Agent Fry therein supports a finding of probable cause for the search of Pierre's Parkland, Florida residence.

Specifically, Fry set forth the details of Pierre's alleged involvement in an identity theft tax refund fraud scheme from 2008-2010 (tax years 2009-2011). Gov. Ex. 1 at SWO_00000011-15. The application details how the fraudulent tax returns were identified and indicates that the fraudulently obtained refunds were deposited into Pierre's bank accounts. *Id.* It also notes that based on AT&T records, the IP address through which fraudulent tax returns were filed was associated with Pierre's Fort Lauderdale residence. *Id.* In connection with the Parkland residence, the application notes that Pierre was named on the property's 2010 Warranty Deed and that he was observed leaving the residence in 2011. *Id.* Evidence of fraudulent tax returns being filed from an IP address associated with the Parkland residence was also included. *Id.* at SWO_00000011-16. In sum, the search warrant application included more than sufficient facts to support the Judge's conclusion that it was fairly probable that evidence of Pierre's involvement in the alleged tax fraud scheme would be found in his Parkland residence. For these reasons, Pierre's motion to suppress evidence seized should be denied.

**D.    Evidence of other crimes committed by Pierre may be relevant and admissible under Federal Rule of Evidence 403.**

Pierre moves to exclude evidence of other crimes at trial, including those crimes he has now been convicted of in the Florida matter. ECF No. 96. Pierre suggests that evidence of his Florida convictions should be excluded under Rule 403 of the Federal Rules of Evidence because if admitted, he may face unfair prejudice. ECF No. 96. The Government opposes this motion, noting that it is aware of its obligations under Rule 404(b) of the Federal Rules of Evidence. ECF No. 116 at 13. To that end, the Government indicates that it will disclose all 404(b) evidence at least seven days before trial. *Id.*

Pierre's central argument is that his Florida convictions are "not relevant to the issues of motive, intent or any other issues involved in this matter . . . ." *Id.* The Court disagrees. The crimes he was convicted of in Florida are relevant—at a minimum—to his intent, preparation, plan and lack of accident in regard to the IRS fraud he facilitated in Minnesota. Fed. R. Evid. 404(b)(2) (Evidence of previous crimes "may be admissible for [ ] proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."). Thus, Pierre's motion to exclude evidence of his past criminal acts should be denied.

**E.    Pierre's motion for a *Franks* evidentiary hearing should be denied.**

Finally, Pierre moves for an evidentiary hearing pursuant to *Franks v. Delaware* on the basis that intentionally false statements were made with reckless disregard for the truth in Agent Fry's application for a search warrant of Pierre's Parkland, Florida home. 428 U.S. 154 (1978). Specifically, Pierre argues that the April 5, 2012 Grand Jury subpoena for the IP address associated with the Parkland residence was a "fishing expedition" because no fraudulent returns were filed from that address until April 23, 2012. ECF No. 122 at 2. The Government argues Defendant can

9

identify no statement in the search warrant affidavit that is false, and that a *Franks* hearing is not warranted in this case.

A *Franks* hearing is proper only after the defendant has offered proof that an affidavit in support of a search warrant contains false information or an omission that was intentionally or recklessly excluded. *Franks*, 428 U.S. at 154. Further, a *Franks* hearing is only allowed if the allegedly false statement is "necessary to the finding of probable cause." *Id.* In other words, if probable cause exists absent the alleged false statement, a *Franks* hearing is not warranted. Here, Pierre fails to establish that a false or reckless statement was used in support of the residential search warrant application for the Parkland residence. Paragraph 19, as highlighted by Pierre, does not appear to include an intentionally false or reckless statement. Agent Fry stated that "information obtained from the IRS-SDC revealed that between April and May 2012, in excess of 30 federal tax returns were electronically filed from [a specific IP address]." The paragraph goes on to state that, according to Comcast, the IP address identified was registered to Pierre's Parkland residence.

Pierre contends that the April 5 Comcast subpoena was a "fishing expedition," in light of the fact that the first fraudulent returns from the Parkland residence were not filed until April 23, over two weeks after the subpoena was served. Assuming, without deciding that the April 5 subpoena was improper, that would not entitle him to a hearing under the strict requirements of *Franks v. Delaware, supra*. Put differently, service of an improper subpoena is not the same as making a deliberately or recklessly false statement in the affidavit submitted in support of the search warrant application. For these reasons, Pierre's motion for an evidentiary *Franks* hearing should be denied.

## IV.   RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS**

**HEREBY RECOMMENDED** that:

1. Pierre's motions to suppress wire interceptions (ECF No. 84) and to suppress statements (ECF No. 90) be **DENIED as moot.**

2. Pierre's motion to dismiss on the basis of double jeopardy (ECF No. 131) be **DENIED**.

3. Pierre's motion to suppress evidence obtained as a result of search and seizure (ECF No. 92) be **DENIED**.

4. Pierre's motion to exclude evidence of other crimes at trial (ECF No. 96) be **DENIED**.

5. Pierre's motion for a *Franks* hearing (ECF No. 121) be **DENIED**.

DATED: December 30, 2013                              *s/Franklin L. Noel*
                                                     FRANKLIN L. NOEL
                                                     United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **January 14, 2014**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by January 14, 2014 a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.