## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                                  Criminal No. 13-129 (DWF/FLN)

          Plaintiff,

v.                                                                          **ORDER ADOPTING REPORT**
                                                          **AND RECOMMENDATION**

Frantz Pierre (1), Christopher Torh (3),
and Junior Tervil (4),

          Defendants.

This matter is before the Court upon Defendant Frantz Pierre's ("Defendant Pierre") objections (Doc. Nos. 152-54), Defendant Christopher Bernard Torh's ("Defendant Torh") objections (Doc. No. 155), and Defendant Junior Tervil's ("Defendant Tervil") objections (Doc. No. 157) to Reports and Recommendations issued by Magistrate Judge Franklin L. Noel (Doc. Nos. 147-51). The United States of America (the "Government") filed responses to Defendants' objections. (Doc. Nos. 158-60, 163.)

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Reports and Recommendations and is incorporated by reference for purposes of Defendants' objections. Having carefully reviewed the record, the Court concludes that Defendants' objections do not warrant departure from the Magistrate Judge's Recommendations.

Defendant Pierre argues that: (1) he is entitled to a *Franks* hearing; (2) the indictment against him must be dismissed on double jeopardy grounds; and (3) financial records must be suppressed because the Government violated the grand jury process set forth by the Right to Financial Privacy Act ("RFPA"). (Doc. Nos. 152-54.) Defendants Torh and Tervil echo Defendant Pierre's third objection with respect to the suppression of financial records. (Doc. Nos. 155, 157.) Defendant Tervil further argues that: (1) identification evidence must be suppressed because the procedures utilized by the Government were unreliable; and (2) Defendant Tervil's statements were not voluntary and were obtained by coercive tactics. (Doc. No. 157.)

With regard to financial records, Defendants have not demonstrated that they were entitled to notification regarding the grand jury subpoena or that the Government used the records for an improper purpose. *See* 12 U.S.C. § 3420. Nor have Defendants demonstrated that they have a legitimate expectation of privacy in the contents of the bank records or otherwise have standing to assert their challenge. *See United States v. Miller*, 425 U.S. 435, 443 (1976); *United States v. Wilson*, 806 F.2d 171, 175 (8th Cir. 1986).

To the extent Defendant Pierre requests a *Franks* hearing, he has failed to make an adequate offer of proof that the affidavit at issue contained a deliberately or recklessly false statement. To the extent Defendant Pierre seeks dismissal of the indictment, in light of the totality of the circumstances, there is adequate support for the Government's claim that the Minnesota conspiracy alleged here is separate and distinct from that which

formed the basis of the Florida indictment.  *See United States v. Thomas*, 759 F.2d 659, 662 (8th Cir. 1985).

With respect to the identification procedure, Defendant Tervil has not established that the process used by law enforcement was impermissibly suggestive or created a substantial likelihood of irreparable misidentification.  *See United States v. Martin*, 391 F.3d 949, 952-53 (8th Cir. 2004).  Insofar as Defendant Tervil challenges the admissibility of his statements to law enforcement, there is no evidence that those statements, made on a public street corner, were obtained by unduly coercive means or were otherwise involuntary.

The Court thus concludes, as did Magistrate Judge Noel, that Defendants have failed to establish that suppression of the evidence at issue is warranted or that they are otherwise entitled to the relief they seek.  Consequently, the Court overrules Defendants' objections and adopts the Reports and Recommendations.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Defendant Frantz Pierre's Objections (Doc. Nos. [152], [153], and [154]) to Magistrate Judge Franklin L. Noel's December 23, 2013 and December 30, 2013 Reports and Recommendations are **OVERRULED**.

2. Defendant Christopher Bernard Torh's Objections (Doc. No. [155]) to Magistrate Judge Franklin L. Noel's December 23, 2013 Report and Recommendation are **OVERRULED**.

3. Defendant Junior Tervil's Objections (Doc. No. [157]) to Magistrate Judge Franklin L. Noel's December 23, 2013 and January 9, 2014 Reports and Recommendations are **OVERRULED**.

4. Magistrate Judge Franklin L. Noel's December 23, 2013 Report and Recommendation (Doc. Nos. [147], [148], and [149]), December 30, 2013 Report and Recommendation (Doc. No. [150]), January 9, 2014 Report and Recommendation (Doc. No. [151]), and January 29, 2014 Supplemental Report and Recommendation (Doc. No. [161]) are **ADOPTED**.

5. Defendants Frantz Pierre, Christopher Torh, and Junior Tervil's motions to suppress financial information (Doc. Nos. [94], [105], and [107]) are **DENIED**.

6. Defendant Pierre's motion to suppress wire interceptions (Doc. No. [84]) and motion to suppress statements (Doc. No. [90]) are **DENIED AS MOOT**.

7. Defendant Pierre's motion to sever counts one and two (Doc. No. [87]), motion to dismiss on the basis of double jeopardy (Doc. No. [131]), motion to suppress evidence obtained as a result of search and seizure (Doc. No. [92]), and motion for a *Franks* hearing (Doc. No. [121]) are **DENIED**.

8. Defendant Pierre's motion to exclude evidence of other crimes at trial (Doc. No. [96]) is **DENIED WITHOUT PREJUDICE**.

9. Defendant Tervil's motion to suppress statements (Doc. No. [110]) and motion to suppress identification evidence (Doc. No. [109]) are **DENIED**.

Dated:  March 5, 2014             s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge