# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 13-129(1) (DWF/HB) |
| | Civil No. 18-1874 (DWF) |
| Respondent-Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Frantz Pierre, | |
| Petitioner-Defendant. | |

## INTRODUCTION

This matter is before the Court on Petitioner-Defendant Frantz Pierre's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. No. 387.) The United States of America ("the Government") opposes Petitioner-Defendant's motion. (Doc. No. 397.) Petitioner-Defendant's current *pro se* motion, pursuant to 28 U.S.C. § 2255 asserts that his conviction should be vacated on two grounds. First, he asserts that this Court violated Rule 11 of the Federal Rules of Criminal Procedure when it requested the prosecutor to conduct portions of the colloquy during the change of plea hearing. Second, he claims that his lawyer was ineffective for failing to allow him to enter into a conditional guilty plea allowing him to appeal this Court's denial of his motion to dismiss on double jeopardy grounds as well as the denial of his motion to suppress bank records.

## PROCEDURAL HISTORY

Petitioner-Defendant was convicted of carrying out two separate conspiracies to submit fraudulent tax returns in order to obtain millions of dollars in fraudulent tax refunds. He was charged and convicted following a jury trial in the Southern District of Florida. Pursuant to that conviction, Petitioner-Defendant was sentenced to 208 months in prison which preceded the sentence in the case before this Court. His conviction and sentence in the Southern District of Florida was affirmed on appeal. *United States v. Pierre*, 825 F.3d 1183 (11th Cir. 2016).

Petitioner-Defendant was also charged with carrying out a very similar, but separate, tax fraud scheme in the District of Minnesota. Following the indictment in Minnesota, the record will show that Petitioner-Defendant brought a number of pretrial motions, including a motion to suppress financial records based on an alleged violation of the Right to Financial Privacy Act ("RFPA") (Doc. No. 94) and several other motions to dismiss on the grounds that the indictment violated the double jeopardy clause of the Constitution. (Doc. No. 65.) As observed by the Government, this Court denied those motions. (Doc. Nos. 120, 137, 147, 150, 164, 198.)

After this Court had denied those motions to dismiss on double jeopardy grounds, Petitioner-Defendant then filed an interlocutory appeal. The Eighth Circuit, at that time, found that the indictment did not violate the Double Jeopardy Clause and affirmed this Court's denial of Petitioner-Defendant's motion to dismiss. *United States v. Pierre ("Pierre I")*, 795 F.3d 847 (8th Cir. 2015).

2

Subsequent to the denial of Petitioner-Defendant's interlocutory appeal by the Eighth Circuit, and approximately one week before trial was scheduled to begin, Petitioner-Defendant pled guilty to both counts of the indictment, but without a written plea agreement. (Doc. Nos. 268, 290.) After entering his guilty plea, Petitioner-Defendant then filed a *pro se* motion to dismiss on double jeopardy grounds. (Doc. No. 313.) This Court denied that motion. (Doc. No. 330.) This Court later sentenced Petitioner-Defendant to 210 months in prison. Significantly, all but 36 months of that sentence was directed by this Court to run concurrent to the 208-month sentence imposed in the Southern District of Florida. (Doc. No. 343.)

Petitioner-Defendant then appealed his conviction and sentence. The issues he raised included the Court's denial of his motion to dismiss on double jeopardy grounds and the denial of his motion to suppress financial records. The Eighth Circuit affirmed his conviction and sentence. *United States v. Pierre ("Pierre II")*, 870 F.3d 845 (8th Cir. 2017). The Eighth Circuit held that Petitioner-Defendant waived his right to appeal based on double jeopardy or any suppression issues when he pled guilty. However, the Court went on to explain that even if he had not waived that issue, his double jeopardy failed because his prosecution in Minnesota did not place him in jeopardy twice for the same offense.

As noted above, Petitioner-Defendant then filed the *pro se* motion which is now before this Court pursuant to 28 U.S.C. § 2255. Petitioner-Defendant is asserting two primary grounds. First, he asserts that this Court violated Rule 11 of the Federal Rules of

Criminal Procedure when it requested the Assistant United States Attorney to conduct portions of the colloquy during the change of plea hearing. Petitioner-Defendant asserts that his attorney was ineffective for failing to allow him to enter into a conditional guilty plea which would allow him to appeal this Court's denial of his motion to dismiss on double jeopardy grounds as well as the denial of his motion to suppress bank records.

## DISCUSSION

**I.  Ineffective Assistant of Counsel**

The United States Constitution guarantees that the accused "shall enjoy the right . . . to have the Assistance of Counsel" in criminal prosecutions.  U.S. Const. amend. VI.  To prevail on a claim for ineffective assistance of counsel under § 2255, however, a defendant must overcome a "heavy burden." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).  To overcome that burden, a defendant must first "show that counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The deficiency must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*  Second, the defendant must establish that the deficient performance actually prejudiced the defense. *Id.*

To establish that there was a deficient performance, the defendant must show that the errors were not the result of "reasonable professional judgment." *Id.* at 690.  There is a strong presumption "that counsel . . . . rendered adequate assistance." *Id.*  A defendant must prove, then, with "a probability sufficient to undermine confidence in the outcome,"

4

that "but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

### A. Failure of the Court to comply with Rule 11 of the Federal Rules of Criminal Procedure

Petitioner-Defendant first asserts that this Court erred by requesting that the Assistant United States Attorney inquire of Petitioner-Defendant regarding the factual basis for the plea during the plea hearing. In so asserting, Petitioner-Defendant asserts that his attorney was ineffective for failing to ensure that this Court personally conducted the entire Rule 11 inquiry.

However, as the Government's counsel has observed, the Eighth Circuit has held that courts may allow the prosecutor to conduct a portion of the Rule 11 colloquy so long as the Court ensures that the defendant understood the charge to which he is pleading guilty. That also includes ensuring that it was a truly knowing and voluntary plea. *United States v. Kriz*, 586 F.2d 1178 (8th Cir. 1978); *United States v. Lambros*, 544 F.2d 962 (8th Cir. 1976).

As the record in this case shows, the prosecutor conducted a portion of the Rule 11 colloquy, as did the Court. The Government accurately observes, in its submission to the Court, that this Court explained to Petitioner-Defendant that the Government would be asking some of the questions to ensure that he understood his rights.

Importantly, from the Court's point of view, at the conclusion of the Government's questioning, the Court asked Petitioner-Defendant what it asks every defendant, and that

is, if he had any questions for his attorney, the prosecutor, or the Court. Then, the Court formally asked Petitioner-Defendant how he wanted to plead to Counts 1 and 2, guilty or not guilty, and Petitioner-Defendant responded, "Guilty."

      **B.    Conditional guilty plea or failure to inform Petitioner-Defendant of his right to do so**

Petitioner-Defendant also asserts that his attorney was ineffective for failing to inform him of the possibility of entering what is commonly called a conditional guilty plea and then for failing to move the Court to allow him to enter a conditional guilty plea. Included in this assertion by Petitioner-Defendant is his complaint regarding his inability to appeal not only the Court's denial of his motion to dismiss on double jeopardy grounds, but the denial of his motion to suppress the bank records.

Admittedly, pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, a defendant may enter a conditional plea of guilty that does reserve his or her right to appeal a specific pretrial motion, but only "with the consent of the court and the government." The Government correctly observes that such conditional please are indeed rare. As to Petitioner-Defendant's assertions relating to the double jeopardy issue, that issue has already been litigated and rejected in his interlocutory appeal. Respectfully stated, there is no merit to Petitioner-Defendant's allegations of ineffective assistance of counsel. His outcome would have been no different even had the Court allowed and had there been a conditional plea of guilty. As the procedural history of this case clearly establishes, Petitioner-Defendant has already, not once, but twice appealed the denial of

his motion to dismiss on double jeopardy grounds, and both times the Eighth Circuit affirmed this Court's denial of that motion and held the indictment did not violate the Double Jeopardy Clause. *Pierre I*, 795 F.3d at 852; *Pierre II*, 870 F.3d at 848-49.

Moreover, while the Eighth Circuit concluded that Petitioner-Defendant had waived his right to appeal the denial of his motions to suppress bank records, the outcome would not have been different had he been able to appeal on those grounds. The reason for that is that he argued in the district court that those records should be suppressed because they were obtained in violation of the Right to Financial Privacy Act. Specifically, he argued that the RFPA was violated in three ways:

> First, the members of the Grand Jury did not decide to issue the subpoenas. Second, the records were not ever delivered to them, but rather to the IRS agent. And third, the delay of notice was never approved by a Magistrate.

Doc. No. 123 at 6.

As observed by the Government, Magistrate Judge Franklin L. Noel clearly explained in his Report and Recommendation that Petitioner-Defendant's suppression motion failed on multiple grounds. First, he did not have standing to challenge the seizure of the bank records on Fourth Amendment grounds because bank customers do not have a legitimate expectation of privacy in bank records held by third parties. (Doc. No. 147 at 3-4 (citing *United States v. Miller*, 425 U.S. 435 (1976)).) Also, Magistrate Judge Noel correctly held that suppression is not an available remedy for violations of the RFPA. (Doc. No. 147 at 4 (citing *United States v. Kington*, 801 F.2d 733,737 (5th Cir. 1986)).) Moreover, even if there was such a remedy for a violation of the RFPA,

7

Magistrate Judge Noel concluded that the Government did not violate the RFPA. This Court stands by its earlier ruling that it was correct in adopting the Report and Recommendation of the Magistrate Judge and, in so doing, denying Petitioner-Defendant's motion to suppress the bank records. (Doc. No. 164.)

The record before the Court belies the notion there was deficient performance by counsel for Petitioner-Defendant. Significantly, there was no prejudice to Petitioner-Defendant and the result of the proceedings would not have been different because of anything that his counsel did or did not do. Petitioner-Defendant's counsel was not ineffective in any way on these issues.

Given Petitioner-Defendant's allegations in the case before the Court, the Court finds some irony in the fact that it imposed a sentence of 210 months in prison with all but 36 months running concurrent to the sentence imposed in the Southern District of Florida, as noted above.

### III. Evidentiary Hearing

Based on the record before the Court, there is no reason for the Court to further explore any credibility issues with respect to Petitioner-Defendant's claims. A § 2255 motion can be dismissed without a hearing when: (1) defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir.

1998). Applying that standard to the Petitioner-Defendant's allegations and the record before the Court, the Court concludes that no evidentiary hearing is required in this case.

## IV.  Certificate of Appealability

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B)(2006); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).

The Court has considered whether the issuance of a COA is appropriate. *See Tiedeman v. Benson*, 122 F.3d 518 (8th Cir. 1997). In that context, the Court concludes that no issue raised is "debatable among reasonable jurists." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)). The Petitioner-Defendant has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a COA. 28 U.S.C. § 2253(c)(2).

## CONCLUSION

The record before this Court entirely forecloses any notion or finding by this Court that Petitioner-Defendant received ineffective assistance of counsel under *Strickland*. In fact, not only was there not any actual prejudice to Petitioner-Defendant, in the Court's view, but, based upon the record before this Court, the Court cannot envision any evidence that it could have received or other procedures it could have followed that would have affected the outcome in this case.

9

Based upon the presentations and submissions of the parties, the Court having carefully reviewed the record in this matter, the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Petitioner-Defendant Frantz Pierre's *pro se se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. [387]) is respectfully **DENIED**.

2. No evidentiary hearing is required in this matter.

3. No certificate of appealability will be issued to Petitioner-Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  October 12, 2018     s/Donovan W. Frank
                              DONOVAN W. FRANK
                              United States District Judge