**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Criminal No. 13-129 (DWF/HB) |
| | Civil No. 18-1874 (DWF) |
| Respondent-Plaintiff, | |
| v. | |
| | **MEMORANDUM** |
| Frantz Pierre, | **OPINION AND ORDER** |
| Petitioner-Defendant. | |

Frantz Pierre, Petitioner-Defendant, *Pro Se*.

Joseph H. Thompson, Assistant United States Attorney, United States Attorney's Office, counsel for the Government.

**INTRODUCTION**

This matter is before the Court on Petitioner-Defendant Frantz Pierre's ("Petitioner-Defendant") self-styled *pro se* motion to reopen habeas proceedings in accordance with Fed. R. Civ. P. 60(b). (Doc. No. 412.) The United States of America (the "Government") opposes Petitioner-Defendant's motion. (Doc. No. 416.)

Petitioner-Defendant asserts that his conviction should be vacated on two grounds. First, he claims that the Court violated Rule 11 of the Federal Rules of Criminal Procedure when it requested that Government's counsel conduct portions of the colloquy during Petitioner-Defendant's change of plea hearing. Second, he claims that his lawyer provided ineffective assistance in that he failed to allow Petitioner-Defendant to enter a conditional plea of guilty that would have allowed Petitioner-Defendant to appeal the

Court's denial of previous motions by the defense. The Government notes that the Eighth Circuit has affirmed the Court's denial of Petitioner-Defendant's motion to dismiss and Petitioner-Defendant's conviction and sentence. Further, the Government points out that Petitioner-Defendant's first petition under 28 U.S.C. § 2255, alleging the same grounds for relief, was denied on the merits.

For the reasons set forth below, the Court respectfully denies Petitioner-Defendant's motion.

## BACKGROUND

An abbreviated version of the procedural history and record is provided because the Court examined both at length in its Memorandum and Order denying Petitioner-Defendant's previous challenge to his sentence. (Doc. No. 400.)

On June 9, 2016, Petitioner-Defendant was convicted and sentenced to 210 months in prison. (Doc. No. 343 at 1.) All but 36 months of that sentence were to run concurrently to the 208-month sentence imposed in the Southern District of Florida. (*Id.* at 2.) Additionally, Petitioner-Defendant was sentenced to 3 years of supervised release. (*Id.* at 3.)

Petitioner-Defendant filed a *pro se* motion on June 29, 2018 pursuant to 28 U.S.C. § 2255. (Doc. No. 388.) He first asserted that the Court violated Rule 11 of the Federal Rules of Criminal Procedure when it asked the Assistant United States Attorney to conduct portions of the colloquy during the change of plea hearing. (*Id.* at 3.) Second, Petitioner-Defendant asserted that his attorney was ineffective for failing to allow him to enter into a conditional guilty plea which would allow him to appeal this Court's denial

of his motion to dismiss on double jeopardy and denial of his motion to suppress bank records. (*Id.*)

This Court denied the motion on October 18, 2018, reasoning that the record entirely foreclosed any notion or finding that Petitioner-Defendant received ineffective assistance of counsel under *Strickland*. (Doc. No. 400.) Not only was there not any actual prejudice to Petitioner-Defendant, but based on the record, the Court could not envision any evidence that it could have received or any procedures it could have followed that would have affected the outcome of the case. (*Id.*) The Court required no evidentiary hearing to reach this conclusion, and no certificate of appealability was issued. (*Id.*) The Eighth Circuit denied Petitioner-Defendant's application for a certificate of appealability on March 15, 2019. (Doc. No. 410.)

In this motion, Petitioner-Defendant now asserts the same claims under Rule 60(b) of the Federal Rules of Criminal Procedure, which have already been rejected by both this Court and the Eighth Circuit. (Doc. No. 412; *United States v. Pierre*, 870 F.3d 845 (8th Cir. 2017).) The Government opposes Petitioner-Defendant's motion, arguing that Petitioner-Defendant raises no new issues or arguments under Rule 60(b) that were not already denied in his § 2255 petition. (Doc. No. 416.) Petitioner-Defendant rebuts the Government's arguments in his most recently filed pleading, conceding that the Government is correct that he "does not raise new arguments," but states that it would be improper for him to do so under Rule 60(b), and that the point of his arguments is that the Court previously failed to consider his earlier claims that his constitutional rights were violated during his change of plea hearing. (Doc. No. 420 at 1-2.)

# DISCUSSION

## I. Section 2255

The relief Petitioner-Defendant seeks in his present motion is the same as in those previously denied with only superficial variations in presentation. Before an inmate may file a "second or successive" motion pursuant to § 2255, he or she must first obtain the permission of the Eighth Circuit Court of Appeals to seek such relief. *See* 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h); *see also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). The Eighth Circuit has consistently held that a defendant "may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005); *see also United States v. Patton*, 309 F.3d 1093 (8th Cir. 2002) (collecting cases); *Boyd*, 304 F.3d at 814. Petitioner-Defendant has not received the required order from the Eighth Circuit which would allow him to file a successive § 2255 motion.

Consequently, this Court is obligated to "dismiss it for failure to obtain authorization from the Court of Appeals." *Id*. In the interest of completeness, however, the Court will briefly address Petitioner-Defendant's specific claims.

## II. Rule 60(b)

Rule 60(b) provides relief from a final judgment, order, or proceeding when justified. *See generally,* Fed. R. Civ. P. 60(b). An inmate cannot use Rule 60(b) to reopen a terminated § 2255 proceeding in order to assert additional claims. *See, e.g., Tyler v. Purkett*, 413 F.3d 696, 700 (8th Cir. 2005). Further, an inmate cannot avoid the

4

rules and restrictions of 28 U.S.C. § 2255(h) by filing a successive motion as a Rule 60(b) motion. See, e.g., *Boyd*, 304 F.3d 813; *United States v. Matlock*, 107 Fed. App'x. 697 (8th Cir. 2004). A certificate of appealability must be obtained in order to appeal the denial of any motion "that effectively or ultimately seeks habeas corpus or § 2255 relief." *Lambros*, 404 F.3d at 1036.

A Rule 60(b) motion must be treated as a successive § 2255 motion if it "raise[s] issues . . . which [were] raised in [a] first section 2255 motion or which . . . could have [been] raised in that motion." *Matlock*, 107 Fed. App'x. at 698. "When a procedural Rule 60(b) motion is in substance a successive habeas petition [it] should be treated accordingly." *Baranski v. United States*, 880 F.3d 951, 956 (8th Cir. 2018), *cert. denied*, 139 S. Ct. 266 (2018) (internal quotation marks omitted) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005)). "A certificate of appealability is required to appeal the denial of any motion that effectively or ultimately seeks habeas corpus or § 2255 relief," including a Rule 59(e) or Rule 60(b) motion that seeks to "resurrect the denial" of an earlier § 2255 motion. *Lambros*, 404 F.3d at 1036.

Petitioner-Defendant's latest motion reiterates his previous claims, asking for a different outcome without any additional justification and improperly seeking § 2255 relief. For these reasons, there is no relief or remedy available to Petitioner-Defendant pursuant to Rule 60(b) without the required authorization from the Eighth Circuit.

## EVIDENTIARY HEARING

Based on the record before the Court, there is no reason for the Court to further explore any credibility issues with respect to Petitioner-Defendant's claims. A § 2255

5

motion can be dismissed without a hearing when: (1) defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). Applying that standard to the Petitioner-Defendant's allegations and the record before the Court, the Court concludes that no evidentiary hearing is required in this case.

## CERTIFICATE OF APPEALABILITY

An appeal cannot be taken from a final order denying a motion under § 2255 without a COA. 28 U.S.C. § 2253(c)(1)(B)(2006); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).

The Court has considered whether the issuance of a COA is appropriate. *See Tiedeman v. Benson*, 122 F.3d 518 (8th Cir. 1997). In that context, the Court concludes that no issue raised is "debatable among reasonable jurists" or deserving of further proceedings. *Flieger v. Delo*, 16 F.3d 878, 882 83 (8th Cir. 1994) (citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)). The Petitioner-Defendant has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a COA. 28 U.S.C. § 2253(c)(2).

## CONCLUSION

Based upon the presentations and submissions of the parties, the Court having again carefully reviewed the record in this matter and being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner-Defendant Frantz Pierre's *pro se* Motion to Reopen Habeas Proceedings in Accordance with Fed. R. Civ. P. 60(b) (Doc. No. [412]) is respectfully **DENIED**.

2. No evidentiary hearing is required in this matter.

3. No Certificate of Appealability will be issued to Petitioner-Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: January 7, 2020　　　　　　　　　　　s/Donovan W. Frank
　　　　　　　　　　　　　　　　　　　　　DONOVAN W. FRANK
　　　　　　　　　　　　　　　　　　　　　United States District Judge