# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 13-129 (DWF/HB) |
| | Civil No. 18-1874 (DWF) |
| Respondent-Plaintiff, | |
| v. | |
| | **MEMORANDUM** |
| Frantz Pierre, | **OPINION AND ORDER** |
| Petitioner-Defendant. | |

---

Frantz Pierre, Petitioner-Defendant, *Pro Se*.

Joseph H. Thompson, Assistant United States Attorney, United States Attorney's Office, counsel for the Government.

---

## INTRODUCTION

This matter is again before the Court on Petitioner-Defendant Frantz Pierre's ("Petitioner-Defendant") self-styled motion (Doc. No. 423) for the Court to reconsider its decision on January 7, 2020 (Doc. No. 421) in which this Court respectfully denied Petitioner-Defendant Frantz Pierre's *pro se* motion to reopen habeas proceedings in accordance with Fed. R. Civ. P. 60(b). (Doc. No. 412.)

At that time, Petitioner-Defendant asserted that his conviction should be vacated on two grounds. First, he claimed that the Court violated Rule 11 of the Federal Rules of Criminal Procedure when it requested that Government's counsel conduct portions of the colloquy during Petitioner-Defendant's change of plea hearing which occurred on October 27, 2015 before the Honorable Richard H. Kyle. Second, Petitioner-Defendant

claimed that his lawyer provided ineffective assistance in that he failed to allow Petitioner-Defendant to enter a conditional plea of guilty that would have allowed Petitioner-Defendant to appeal the Court's denial of previous motions by the defense. At that time, the Government observed that the Eighth Circuit had affirmed the Court's denial of Petitioner-Defendant's motion to dismiss and Petitioner-Defendant's conviction and sentence. Also, at that time, the Government observed that Petitioner-Defendant's first petition pursuant to 28 U.S.C. § 2255, alleged the same grounds for relief and was denied on the merits.

Specifically, Petitioner-Defendant asserts that this Court never ruled on whether his plea which was entered on October 27, 2015 was ". . . intelligent and knowing. . . ."

For the reasons set forth below, the Court respectfully denies Petitioner-Defendant's motion. The Court will address Petitioner-Defendant's assertion that this Court never addressed whether his plea was knowingly and voluntarily entered. The Court states today in its ruling as it did implicitly in its rulings in its prior orders, that the Petitioner-Defendant knowingly and voluntarily entered his plea.

## BACKGROUND

The Court will only provide here an abbreviated version of the procedural history and record because the Court examined both of these issues at length in its Memorandum and Order denying Petitioner-Defendant's previous challenge to his sentence. (Doc. No. 400.)

On June 9, 2016, Petitioner-Defendant was convicted and sentenced to 210 months in prison. (Doc. No. 343 at 1.) All but 36 months of that sentence were to run

concurrently to the 208-month sentence imposed in the Southern District of Florida. (*Id.* at 2.) Additionally, Petitioner-Defendant was sentenced to 3 years of supervised release. (*Id.* at 3.)

Petitioner-Defendant filed a *pro se* motion on June 29, 2018 pursuant to 28 U.S.C. § 2255. (Doc. No. 388.) He first asserted that the Court violated Rule 11 of the Federal Rules of Criminal Procedure when it asked the Assistant United States Attorney to conduct portions of the colloquy during the change of plea hearing. (*Id.* at 3.) Second, Petitioner-Defendant asserted that his attorney was ineffective for failing to allow him to enter into a conditional guilty plea which would allow him to appeal this Court's denial of his motion to dismiss on double jeopardy and denial of his motion to suppress bank records. (*Id.*)

This Court denied the motion on October 18, 2018, reasoning that the record entirely foreclosed any notion or finding that Petitioner-Defendant received ineffective assistance of counsel under *Strickland*. (Doc. No. 400.) Not only was there not any actual prejudice to Petitioner-Defendant, but based on the record, the Court could not envision any evidence that it could have received or any procedures it could have followed that would have affected the outcome of the case. (*Id.*) The Court required no evidentiary hearing to reach this conclusion, and no certificate of appealability was issued. (*Id.*) The Eighth Circuit denied Petitioner-Defendant's application for a certificate of appealability on March 15, 2019. (Doc. No. 410.)

In the most recent motion prior to this motion that Petitioner-Defendant filed, which this Court respectfully denied in is Order on January 7, 2020 (Doc. No. 421),

Petitioner-Defendant asserted the same claims under Rule 60(b) of the Federal Rules of Civil Procedure, which had already been rejected by both this Court and the Eighth Circuit. (Doc. No. 412; *United States v. Pierre*, 870 F.3d 845 (8th Cir. 2017).) The Petitioner-Defendant asserted that the Court had failed to consider his earlier claims that his constitutional rights were violated during his change of plea hearing which is precisely what he has alleged again in the current motion before the Court. (Doc. No. 420 at 1-2.) (Doc. No. 423).

## DISCUSSION

### I. Section 2255

The relief Petitioner-Defendant seeks in his present motion is the same as in those previously denied with only superficial variations in presentation. Before an inmate may file a "second or successive" motion pursuant to § 2255, he or she must first obtain the permission of the Eighth Circuit Court of Appeals to seek such relief. *See* 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h); *see also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). The Eighth Circuit has consistently held that a defendant "may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005); *see also United States v. Patton*, 309 F.3d 1093 (8th Cir. 2002) (collecting cases); *Boyd*, 304 F.3d at 814. Petitioner-Defendant has not received the required order from the Eighth Circuit which would allow him to file a successive § 2255 motion.

Consequently, this Court is obligated to "dismiss it for failure to obtain authorization from the Court of Appeals." *Id*. In the interest of completeness, however, the Court will briefly address Petitioner-Defendant's specific claims he has now brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

**II.     Rule 60(b)**

The current motion before this Court by Petitioner-Defendant essentially reiterates his previous claims, asking for a different outcome without any additional justification and improperly seeking § 2255 relief. Nonetheless, the Court will address the allegations made by Petitioner-Defendant in this most recent motion.

Simply, but importantly stated, the plea transcript from October 27, 2015 entirely belies the notion that the Petitioner-Defendant did not knowingly and voluntarily enter a plea of guilty to Conspiracy to Defraud the Government in violation of 18 U.S.C. § 286 and Monetary Transactions in Criminally Derived Property in violation of U.S.C. § 1957 which were Counts 1 and 2 of the indictment.

The presiding judge on October 27, 2015, the Honorable Richard H. Kyle, opened up the hearing by stating:

> For example, I must be satisfied that your decision to enter into a plea of guilty here today is a knowing, voluntary, conscious decision on your part. That no one has made any threats to get you to plead guilty. . . I also must be satisfied that you are of clear mind. . . (Hrg. Transcript at 3-4)

The Petitioner-Defendant was then asked, "Do you understand that you will retain the right to appeal your sentence at the end of the sentencing hearing?" The Defendant responded, "Correct." (Transcript at 16).

5

And in fact, the Petitioner-Defendant did appeal his sentence to the 8th Circuit Court of Appeals and that sentence as noted above was affirmed on September 1, 2017.

The 38-page change of plea transcript speaks for itself and, as noted above, belies entirely the notion that the plea by the Petitioner-Defendant was anything but knowingly and voluntarily made. Consequently, at the conclusion of the plea hearing, the Honorable Richard H. Kyle stated:

> Based on what I've heard here today, I'm satisfied that the Defendant's decision to plead guilty here today to both Counts 1 and 2 is voluntary on his part. . . I'm also satisfied that he understands by pleading guilty and have the Court accept those pleas, he will be giving up the various trial rights that were outlined for him by counsel. And that decision is also a knowing, voluntary, conscious decision on his part.
> (Transcript at 33)

This Court concludes, as it has in its prior orders, that Petitioner-Defendant knowingly and voluntarily entered his pleas of guilty on October 27, 2015. Therefore, Petitioner-Defendant's current motion reiterates his previous claims when they are carefully scrutinized asking for a different outcome without any additional justification and improperly seeking § 2255 relief by categorizing this motion as a Rule 59(e) motion under the Federal Rules of Civil Procedure rather than a Rule 60(b) motion (Doc. No. 412) which was denied by this Court on January 7, 2020. (Doc. No. 421).

As this Court observed in its October 12, 2018 Order (Doc. No. 400), at which time it denied Petitioner-Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence given Petitioner-Defendant's allegations, the Court finds some

irony in fact that it imposed a sentence of 210 months in prison with all but 36 months running concurrent to the sentence imposed in the Southern District of Florida.

## EVIDENTIARY HEARING

Based on the record before the Court, there is no reason for the Court to further explore any credibility issues with respect to Petitioner-Defendant's claims.  A § 2255 motion can be dismissed without a hearing when:  (1) defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact.  *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998).  Applying that standard to the Petitioner-Defendant's allegations and the record before the Court, the Court concludes that no evidentiary hearing is required in this case.

## CERTIFICATE OF APPEALABILITY

An appeal cannot be taken from a final order denying a motion under § 2255 without a COA.  28 U.S.C. § 2253(c)(1)(B)(2006); Fed. R. App. P. 22(b)(1).  A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).

The Court has considered whether the issuance of a COA is appropriate.  *See Tiedeman v. Benson*, 122 F.3d 518 (8th Cir. 1997).  In that context, the Court concludes that no issue raised is "debatable among reasonable jurists" or deserving of further proceedings.  *Flieger v. Delo*, 16 F.3d 878, 882 83 (8th Cir. 1994) (citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)).  The Petitioner-Defendant has not,

therefore, made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a COA. 28 U.S.C. § 2253(c)(2).

## CONCLUSION

Based upon the presentations and submissions of the parties, the Court having again carefully reviewed the record in this matter and being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner-Defendant Frantz Pierre's *pro se* Motion for the Court to Alter or Amend its Judgment pursuant to Fed. R. Civ. P. 59(b) (Doc. No. [423]) is respectfully **DENIED**.

2. No evidentiary hearing is required in this matter.

3. No Certificate of Appealability will be issued to Petitioner-Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 20, 2020            s/Donovan W. Frank
                                               DONOVAN W. FRANK
                                               United States District Judge