## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                           Criminal No. 13-129(1) (DWF/HB)

                 Plaintiff,

v.                                                  **MEMORANDUM**
                                                    **OPINION AND ORDER**
Frantz Pierre,

                 Defendant.

---

Frantz Pierre, *Pro se*.

James S. Alexander and Joseph H. Thompson, Assistant United States Attorneys, United States Attorney's Office, counsel for the Government.

---

## INTRODUCTION

This matter is before the Court on Defendant Frantz Pierre's *pro se* motion for compassionate release (Doc. No. 447) and motion to appoint counsel (Doc. No. 448). The United States of America (the "Government") opposes Pierre's motions. (Doc. No. 450.) For the reasons discussed below, the Court respectfully denies Pierre's motion for compassionate release and denies as moot Pierre's motion to appoint counsel.

## BACKGROUND

On October 27, 2015, Pierre pled guilty to one count of conspiracy to defraud the government and one count of engaging in monetary transactions in criminally derived property. (Doc. No. 268; *see also* Doc. No. 1.) On June 9, 2016, the Court sentenced

Pierre to 210 months' imprisonment to be followed by a 3-year term of supervised release.  (Doc. No. 343.)

Pierre is currently incarcerated in the Ashland Federal Correctional Institution in Kentucky, with an anticipated release date of March 2031.  Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/ (lasted visited Nov. 3, 2022).  Since his conviction, Pierre has filed numerous challenges to his conviction and sentence, all of which have been denied by this Court and the Eighth Circuit.  (*See, e.g.*, Doc. Nos. 330, 384, 400, 421, 424, 429.)

In November 2020, Pierre moved for compassionate release on the grounds that he was at an increased risk of severe infection from COVID-19 because he suffers from Wolf-Parkinson White Syndrome, heart failure, pre-diabetes, and chronic kidney disfunction.  (Doc. No. 433.)  This Court denied Pierre's motion, reasoning that even if Pierre suffered from a medical condition that increases his risk of severe infection from COVID-19, the Court could not conclude that Pierre no longer posed a danger to the community.  (Doc. No. 438 at 5.)  This Court also found that the § 3553(a) sentencing factors weighed strongly against release.  (*Id.*)  The Court then denied Pierre's motion to reconsider (Doc. No. 440), and the Eighth Circuit affirmed the decision (Doc. No. 445).

Pierre now brings a separate motion for compassionate release.  (Doc. No. 447.)

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).  Such "extraordinary and compelling reasons" include

(1) medical conditions which diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories.  U.S.S.G. § 1B1.13 ("Sent'g Comm'n Pol'y Statement" or "Statement"), cmt. n.1(a)(ii).

Pierre argues that the Court erred when it applied a sentence enhancement based on (1) the existence of ten or more victims and (2) a finding that Pierre knew or should have known that the victims were vulnerable.  Neither argument is appropriate to bring on a motion for compassionate release.  Moreover, the Eighth Circuit has already reviewed and rejected Pierre's argument about the application of the vulnerable-victim enhancement.  *See United States v. Pierre*, 870 F.3d 845, 849 (8th Cir. 2017) ("The district court did not clearly err when it found that Pierre's incarcerated victims were vulnerable.").  Pierre may not use this motion to relitigate issues that have already been denied by this Court and rejected by the Eighth Circuit.

As for Pierre's assertion that the only victim of his offenses was the Government, this argument is both untimely and meritless.  Pierre pled guilty to conspiracy to defraud the government and money laundering.  Pierre stole social security numbers from people, many of whom were incarcerated, and collected tax refunds.  The victims of his crimes are those whose information Pierre stole and used for his benefit.

## CONCLUSION

For the reasons set forth above, the Court finds that Pierre is ineligible for compassionate release.

## ORDER

Based upon the record before the Court, and the Court being otherwise duly advised in the premises, **IT IS HEREBY ORDERED** that:

1.      Defendant Frantz Pierre's successive motion for compassionate release from custody (Doc. No. [447]) is respectfully **DENIED**.

2.      Defendant Frantz Pierre's motion to appoint counsel (Doc. No. [448]) is **DENIED AS MOOT**.

Dated:  November 7, 2022          s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge

4